# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **CAMDEN GROVE LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-2532 |
| **LAQUEESHA RICHARDSON** | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated August 6, 2018 (the "Report"). (ECF No. 8.) The Report recommends that the Court remand this case. (Id. at 23.)[1] Defendant Laqueesha Richardson has not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is REMANDED.

I.  **Background**

A detainer warrant filed with the Shelby County Court of General Sessions describes a complaint made by Plaintiff Camden Gove LLC to the General Sessions Clerk. (Id. at 22.) The complaint alleged unlawful detainer by Richardson and sought an

---
[1] Unless otherwise noted, all pin cites to record citations are to the "PageID" number.

award of possession and $2,927.92. (Id.) On July 31, 2018, Richardson removed to this Court under 28 U.S.C. § 1441. (Id.) In her notice of removal, Richardson alleged that she felt "she [was] being discriminated against." (Id.)

The Report recommends remanding this case for lack of subject matter jurisdiction. The Report concludes that the case involves no federal questions and that neither diversity jurisdiction requirement, amount in controversy or diversity of citizenship, is met. (Id. at 23.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must

2

determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a de novo or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Richardson has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, the Report is ADOPTED. The action is REMANDED.

So ordered this 5th day of June, 2019.

/s/ Samuel H. Mays, Jr.\_\_\_ \_
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3